

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-93,089-01

### In re STATE OF TEXAS, ex rel. BRIAN W. WICE, Relator

### ON APPLICATION FOR A WRIT OF MANDAMUS
### AGAINST THE FIRST COURT OF APPEALS

SLAUGHTER, J., filed a concurring opinion in which RICHARDSON, NEWELL, and MCCLURE, JJ., joined.

### <u>CONCURRING OPINION</u>

I agree with and join the Court's opinion. I write separately, however, to address Judge Yeary's misguided but surely well-meaning dissenting opinion. Judge Yeary's misunderstanding of the issues here has led to him arguing two points: (1) the Court's opinion is wrong because it focuses on the wrong question; and (2) mandamus is improper because there is an available adequate remedy at law. J. Yeary's Dissent at 1, 6. I disagree as to each point for the following reasons.

## I.     The Court properly frames the issue raised on mandamus.

Judge Yeary declares that the "real question" before the Court is whether either of the two Harris County district judges (Judges Johnson and Luong) "had *any authority at*

*all* to send the case back to Collin County." *Id.* at 1. He further states that the Court must "focus its attention on the *action* of the respondent [Harris County district judges]," and "should not focus narrowly on the respondent's stated *reason* for its action or inaction." *Id.* at 4. Yet, Judge Yeary (at least in the first part of his opinion) seems to identify the relevant "action" of the Harris County district judges as "sending the case back to Collin County." *Id.* at 4 n.2.

Contrary to Judge Yeary's assertion, the underlying issue before this Court has nothing to do with whether the Harris County district judges had some sort of authority, from any source, to transfer venue back to Collin County. Neither Harris County district judge was ever asked by any party to transfer venue. Had one of the parties filed a motion asking the Harris County district judges to transfer venue back to Collin County, I doubt a mandamus action would have been filed because a judge's decision on a motion to transfer venue would be reviewable on direct appeal thereby precluding mandamus relief. But, in any event, on mandamus, we must address what actually happened and not deal in hypotheticals. The only motion filed and decided that led to this mandamus action was a motion filed by Real-Party-in-Interest Paxton's attorneys "to set aside as void" Judge Gallagher's venue transfer order. The only relief sought in that motion was to declare that Judge Gallagher, at the time he transferred venue to Harris County, did not have jurisdiction to issue the venue transfer order, thereby making his order void. Judge Johnson granted the motion and, after the case was transferred to Judge Luong, he adopted Judge Johnson's ruling. No party filed a motion in Harris County to transfer venue back to Collin County, nor did anyone ask Judge Johnson to exercise discretion to affirmatively send the

case back to Collin County. Therefore, the only *action* taken by Judge Johnson (and then Judge Luong) was to vacate as void for lack of jurisdiction Judge Gallagher's venue transfer order. The effect of Judge Johnson's action was essentially to undo Judge Gallagher's order, reverse the timeline, and make it as if Judge Gallagher had never transferred venue to Harris County.[1] Thus, Judge Johnson's action was not to "send" the case back to Collin County. His action was to improperly void the order of another district judge. And that is precisely the action that the Court's opinion correctly addresses.

## II.      There is no adequate remedy at law for a judge improperly declaring that the valid order of another judge is void.

Judge Yeary argues that mandamus is also inappropriate here because the State had an adequate remedy at law, namely, filing an additional venue transfer motion in Collin County. J. Yeary's Dissent at 5–6. But how exactly does that fix the problem at issue here with respect to Judge Johnson improperly vacating as void a proper and legitimate order of another district judge who had jurisdiction? It doesn't. A new venue transfer motion does not directly address, nor does it provide relief for, the true issue at hand.

Judge Yeary posits that "[t[here is simply no good reason for this Court to exercise our extraordinary mandamus authority to compel a result with regard to venue at this time." *Id.* at 7. But again, this framing of the issue misses the mark. This Court is not deciding at this juncture whether Harris County or Collin County or some other county is the proper venue. We are simply deciding the narrow issue presented to us—whether Judge Gallagher

---

[1] Moreover, nothing about Judge Johnson's actions involved him affirmatively deciding (or even being asked to decide) whether Collin County was the proper venue for the case. So again, Judge Johnson did not decide to "send the case back to Collin County." J. Yeary's Dissent at 1.

had jurisdiction at the time he issued the venue transfer order such that his order was valid and not subject to being vacated by another district judge. Whether venue is proper in Harris County is an issue that can ultimately be challenged on direct appeal.[2]

Judge Yeary's final point is his claim that Judge Gallagher lacked the authority to transfer the case to Harris County. *Id.* at 8–9. This argument is fully addressed by the Court's opinion, and so I do not feel the need to address it here beyond saying that I agree wholeheartedly with the Court's analysis and resolution of this issue.

With these comments, I unreservedly and fully join the Court's opinion.


Filed: June 14, 2023

Publish

---

[2] *See, e.g.*, *Gonzalez v. State*, 222 S.W.3d 446, 449 (Tex. Crim. App. 2007).